Sally B. McMinimee (5316)
James A. Boevers (0371)
Jared N. Parrish (11743)
**PRINCE, YEATES & GELDZAHLER**
A Professional Corporation
City Centre I, Suite 900
175 East 400 South
Salt Lake City, UT 84111
Telephone: (801) 524-1000
sbm@princeyeates.com
jab@princeyeates.com
jnp@princeyeates.com

*Attorneys for Receiver Robert G. Wing*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT G. WING, as Receiver for VESCOR CAPITAL CORP., et al, <br><br> Plaintiff, <br><br> vs. <br><br> FULBRIGHT & JAWORSKI LLP, a Texas Limited Liability Partnership, and PAUL, HASTINGS, JANOFSKY & WALKER LLP, a California Limited Liability Partnership, <br><br> Defendants. | **COMPLAINT** <br><br><br> Civil No. 2:09-cv-200 <br><br> Judge Dee Benson |

Robert G. Wing (the "Receiver"), as receiver for VesCor Capital Corp., et al ("VesCor") complains against Defendants as follows:

## STATEMENT OF THE CASE

1. Kenneth M. Breen ("Breen"), an attorney, Defendant Fulbright & Jaworski LLP ("Fulbright"), a law firm for whom Breen worked, and Defendant Paul, Hastings, Janofsky & Walker, LLP ("Paul, Hastings"), another law firm for whom Breen worked, provided legal services to Val E. Southwick ("Southwick"), the main principal in VesCor, regarding criminal and related proceedings brought against Southwick. Defendants were paid for such services, not with funds belonging to Southwick, but with funds belonging to VesCor, which was insolvent and part of a Ponzi scheme. Those payments constituted fraudulent transfers, and equity requires that defendants be required to pay back the amount of those transfers to the receivership.

2. In addition, Southwick caused VesCor to transfer almost $3,000,000 in VesCor funds to Fulbright's trust account, some of which were later transferred to Paul, Hastings' trust account. While some of those funds were used to pay for defendants' legal representation of Southwick, some of those funds were used for other unknown purposes at Southwick's direction. The Receiver is entitled to an accounting of all funds received by Fulbright or Paul, Hastings from VesCor or Southwick, and to return of the funds.

## PARTIES, JURISDICTION AND VENUE

3. Robert G. Wing is the Receiver for VesCor.

4. Upon information and belief, Fulbright is a Texas Limited Liability Partnership.

5. Upon information and belief, Paul, Hastings is a California Limited Liability Partnership.

6. Jurisdiction is proper in this Court pursuant to 15 U.S.C. §§ 77t, 77v, 78u, 78aa and 28 U.S.C. §§ 754 and 1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 754.

## FACTUAL PREDICATE

8. This action arises out of a Ponzi scheme. In or about 1990, Southwick began and operated companies referred to collectively as "VesCor." VesCor borrowed money from investors, telling them their money would be used to fund the development of commercial and industrial real estate. In fact, VesCor used most of the money it obtained from new investors to pay the debts owed to older investors, to pay commissions on the sale of investments, to fund company operations, and to pay Southwick's personal expenses, including legal fees.

9. In 1992, VesCor was sanctioned by the Utah Department of Commerce, Division of Securities ("Division") in a Stipulation and Consent Order, which identified unregistered securities that were offered to investors in the State of Utah.

10. In 2002, VesCor was again sanctioned by the Division in a Stipulation and Consent Order, which identified unregistered securities that were offered and sold to investors in the State of Utah.

11. In 2004, VesCor agreed with the Division that it would discontinue offering securities for sale to Utah residents and cease making offers for the sale of securities from

within the State of Utah to investors who resided out of the State. VesCor further agreed to pay investors their principal and accrued interest at the maturity date of their investments or at an earlier call date.

12. VesCor continued to sell unregistered securities in and from the State of Utah in violation of the Division's Orders and the 2004 agreement.

13. By 2006, VesCor had grown to a complex web of over 150 corporations and limited liability companies, registered in Utah and Nevada, and owned interests in commercial and industrial real estate in Nevada, Utah, Montana and California. On May 31, 2006 the VesCor Ponzi scheme collapsed when Southwick stopped paying monthly interest payments and principal redemptions to most investors.

14. In or about October, 2006, Southwick retained Breen and Fulbright to represent him in connection with criminal and related investigations of and proceedings against Southwick by, among others, the United States Securities and Exchange Commission ("SEC") and the State of Utah.

15. In November, 2006, Southwick caused VesCor to deposit almost $3,000,000 in Fulbright's trust account to pay for Breen's and Fulbright's representation of Southwick, and for other purposes that are unknown to the Receiver.

16. Later, Breen, and other attorneys assisting him in representing Southwick, left Fulbright and joined Paul, Hastings. At about that time, VesCor funds were transferred from Fulbright's trust account to Paul, Hastings' trust account.

17. Some of the VesCor funds deposited into Fulbright's and Paul, Hastings' trust accounts were used to pay for Breen's and those law firms' legal representation of Southwick.

18. Some of the VesCor funds deposited into Fulbright's and Paul, Hastings' trust accounts were used for other purposes, at Southwick's direction. Despite demand therefore by the Receiver, Fulbright and Paul, Hastings have failed or refused to provide the Receiver with an accounting of the VesCor funds deposited into Fulbright's and Paul, Hastings' trust accounts.

19. On March 31, 2008, Southwick pleaded guilty to nine counts of securities fraud, each a felony in the second degree, in the Third District Court of Utah, and was later sentenced by Utah District Court Judge Robin Reese to serve nine consecutive 1-15 year prison terms, the maximum allowed by State law.

20. On February 6, 2008, the SEC filed suit in this Court against Southwick and five VesCor entities identified as issuers of promissory notes to investors, alleging violations of the anti-fraud provisions of the securities laws.

21. On May 5, 2008, this Court appointed Robert G. Wing as Receiver for VesCor. The Order Appointing a Receiver, among other things, authorized, empowered, and directed the Receiver to prosecute actions in any state, federal or foreign court to recover VesCor funds, assets and properties. In this action, the Receiver seeks to recover for VesCor, investors' money fraudulently transferred from VesCor to transferees who did not provide VesCor with reasonably equivalent value in return for the transfers,

and/or who did not take those transfers in good faith. On November 17, 2008, this Court entered an Order, which, among other things expanded the list of VesCor entities in the receivership.

## FIRST CLAIM FOR RELIEF

### (Fraudulent Transfers)

22. The payments to Defendants were made out of investor funds as part of a Ponzi scheme, and were therefore, by definition, made to hinder, delay or defraud investors who were creditors of VesCor.

23. The payments made to Defendants constitute fraudulent transfers. The transfers were made at a time when VesCor was insolvent, VesCor did not receive substantially equivalent value for the transfers, and/or the Defendants did not take the transfers in good faith.

## SECOND CLAIM FOR RELIEF

### (Unjust Enrichment)

24. Defendants received benefits from VesCor in the form of transfers of assets.

25. Defendants had knowledge of these benefits, voluntarily accepted the transfers, and retained the funds.

26. Defendants had knowledge of these transfers and benefitted from them.

27. Defendants voluntarily accepted these transfers and have since retained the funds.

28. Under the circumstances of this case it would be inequitable, and in violation of good conscience and fundamental principals of justice and equity, for Defendants to retain these benefits.

29. Defendants should be required to pay the value of the benefits to the Receiver for the benefit of the investors.

## THIRD CLAIM FOR RELIEF

### (Accounting)

30. At all relevant times, Southwick had no funds or other assets, other than funds or assets he obtained from VesCor [including the Val Edmund Southwick Family Trust dated 8/2/86, as it may have been amended ("Southwick Trust"), which is one of the VesCor entities in the receivership] as proceeds of the Ponzi scheme.

31. The Receiver is entitled to an accounting from defendants, as to all funds or other assets they received directly or indirectly from Southwick or VesCor (including the Southwick Trust), and defendants' disposition of those funds.

WHEREFORE, Plaintiff prays as follows:

A. That the plaintiff be awarded damages against the Defendants in an amount to be determined at trial, plus interest, costs and attorneys fees.

B. For an accounting by defendants and such other relief as the Court may allow.

DATED this 5th day of March, 2009.

                PRINCE YEATES & GELDZAHLER

        By:   /s/ James A. Boevers
               Sally B. McMinimee
               James A. Boevers
               Jared N. Parrish
               Attorneys for Receiver Robert G. Wing

G:\VESCOR - MASTER FILE\Advisors Consultants and Sales Agents\Fulbright & Jaworski\Complaint - Breen.Fulb & Jawor.doc