Matthew L. Lalli (6105)
Stewart O. Peay (95854)
**SNELL & WILMER L.L.P.**
15 West South Temple, Suite 1200
Salt Lake City, UT 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
Email: mlalli@swlaw.com
       speay@swlaw.com

*Attorneys for Defendant Fulbright & Jaworski, LLP*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT G. WING, as Receiver for VESCOR CAPITAL CORP., et al.<br><br>    Plaintiff,<br><br>v.<br><br>FULBRIGHT & JAWORSKI LLP, a Texas Limited Liability Partnership, and PAUL HASTINGS, JANOFSKY & WALKER LLP, a California Limited Liability Partnership,<br><br>    Defendants. | **ANSWER AND JURY DEMAND**<br><br>Case No. 2:09-cv-200<br><br>Judge Dee Benson |

Defendant, Fulbright & Jaworski, LLP ("Fulbright"), by and through counsel of record, responds to the complaint and alleges as follows:

## STATEMENT OF THE CASE

1. Fulbright admits that Kenneth M. Breen ("Breen") formerly practiced law at Fulbright and that Breen provided legal services to Val E. Southwick ("Southwick") while at Fulbright. Fulbright denies the remaining allegations of paragraph 1.

9784074

2. Fulbright admits that it received nearly $3 million as a retainer for legal work that Fulbright contracted to provide to Southwick. Fulbright admits that it later transferred some of these funds to Paul, Hastings and closed out the account. Fulbright denies that remaining allegations of paragraph 2.

## PARTIES, JURISDICTION AND VENUE

3. Fulbright admits the allegations of paragraph 3.

4. Fulbright admits the allegations of paragraph 4.

5. Fulbright lacks information and knowledge sufficient to respond to paragraph 5 and therefore denies the same.

6. Fulbright admits that this Court has jurisdiction over this matter.

7. Fulbright admits that venue is proper in this Court.

## FACTUAL PREDICATE

8. Fulbright lacks information and knowledge sufficient to respond to the allegations of paragraph 8 and therefore denies the same.

9. Fulbright lacks information and knowledge sufficient to respond to the allegations of paragraph 9 and therefore denies the same.

10. Fulbright lacks information and knowledge sufficient to respond to the allegations of paragraph 10 and therefore denies the same.

11. Fulbright lacks information and knowledge sufficient to respond to the allegations of paragraph 11 and therefore denies the same.

12. Fulbright lacks information and knowledge sufficient to respond to the allegations of paragraph 12 and therefore denies the same.

13. Fulbright lacks information and knowledge sufficient to respond to the allegations of paragraph 13 and therefore denies the same.

14. Fulbright admits that it was engaged to represent Southwick but denies all other allegations found in paragraph 14.

15. Fulbright admits that it received nearly $3 million as a retainer for legal work that Fulbright contracted to provide to Southwick. Fulbright denies that remaining allegations of paragraph 15.

16. Fulbright admits that Breen and other former Fulbright attorneys left Fulbright to join Paul, Hastings but denies all other allegations of paragraph 16. Fulbright affirmatively states that the funds remaining in the escrow account were transferred to Paul, Hastings' trust account in April 2007.

17. Fulbright denies the allegations of paragraph 17.

18. Fulbright denies the allegations of paragraph 18.

19. Fulbright lacks information and knowledge sufficient to respond to the allegations of paragraph 19 and therefore denies the same.

20. Fulbright lacks information and knowledge sufficient to respond to the allegations of paragraph 20 and therefore denies the same.

21.	In response to paragraph 21, Fulbright states that the May 5, 2008 Order Appointing Receiver and the November 17, 2008 Order speak for themselves. Fulbright denies all other allegations found in paragraph 21.

## FIRST CLAIM FOR RELIEF
### (Fraudulent Transfers)

22.	Fulbright denies the allegations of paragraph 22.

23.	Fulbright denies the allegations of paragraph 23.

## SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)

24.	Fulbright denies the allegations of paragraph 24.

25.	Fulbright denies the allegations of paragraph 25.

26.	Fulbright denies the allegations of paragraph 26.

27.	Fulbright denies the allegations of paragraph 27.

28.	Fulbright denies the allegations of paragraph 28.

29.	Fulbright denies the allegations of paragraph 29.

## THIRD CLAIM FOR RELIEF
### (Accounting)

30.	Fulbright lacks information and knowledge sufficient to respond to the allegations of paragraph 30 and therefore denies the same.

31.	Fulbright denies the allegations of paragraph 31.

32.	Fulbright denies plaintiff is entitled to any relief requested in plaintiff's prayer for relief.

**FIRST AFFIRMATIVE DEFENSE**

All claims against Fulbright should be dismissed for failure to state a claim on which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

All claims against Fulbright are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, unclean hands, and *in pari delicto*.

**THIRD AFFIRMATIVE DEFENSE**

All claims against Fulbright are barred, in whole or in part, due to VesCor, Southwick and the Receiver's failure to take reasonable steps to mitigate damages.

**FOURTH AFFIRMATIVE DEFENSE**

The damages alleged by the Receiver if any, are due to the comparative fault of third parties, including other parties identified in the complaint.

**FIFTH AFFIRMATIVE DEFENSE**

All claims against Fulbright are barred in whole or in part because Fulbright acted in reliance of outside legal counsel and it relied upon this counsel.

**SIXTH AFFIRMATIVE DEFENSE**

All claims against Fulbright are barred, in whole or in part, because the Receiver's alleged damages, if any, were caused solely by the acts, wrongs, or omissions of Southwick and VesCor, by intervening causes, or by other persons or entities over whom Fulbright had no control and for which Fulbright is not responsible.

**SEVENTH AFFIRMATIVE DEFENSE**

The percentage or proportion of fault attributable to the VesCor, Southwick and to others, whether or not joined as a party herein, should be determined by separate special verdicts pursuant to Utah Code Ann § 78B-5-818 to -824, thereby barring or diminishing any recovery against Fulbright.  Those parties presently known to whom fault can and should be allocated include VesCor, Southwick and all other named or otherwise identified parties in the pleadings.

**EIGHTH AFFIRMATIVE DEFENSE**

All claims against Fulbright are barred, in whole or in part, because any recovery herein by the Receiver would constitute unjust enrichment.

**NINTH AFFIRMATIVE DEFENSE**

All transfers that Fulbright received related to its representation of Southwick were in good faith and for equivalent value and consideration.

**TENTH AFFIRMATIVE DEFENSE**

All claims against Fulbright are barred, in whole or in part, because the alleged conduct of Fulbright was undertaken in good faith and for a valid business purpose.

**ELEVENTH AFFIRMATIVE DEFENSE**

The matters complained of in the Complaint were proximately caused, in whole or in part, by the acts or omissions of a third party or parties or by Southwick and/or VesCor. Accordingly, the liability of Southwick and/or VesCor and responsible parties, named, or unnamed, should be apportioned and the liability, if any, of Fulbright should be reduced accordingly.

## TWELFTH AFFIRMATIVE DEFENSE

All funds received by Fulbright were from legitimate business transactions and not part of a Ponzi scheme.

## THIRTEENTH AFFIRMATIVE DEFENSE

Fulbright intends to rely upon and reserves its right to assert other and related defenses, as may become available in the event of a determination that the action, or some part thereof, is governed by the substantive law of a state or foreign country other than Utah.

Because of the generality of the allegations in the Complaint against Fulbright, Fulbright reserves the right to amend its answer and affirmative defenses if investigation, discovery and further information should warrant such amendment, and further, to assert any applicable matters of law during the pendency of this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

With respect to the Receiver's demand for an accounting of the funds, Fulbright believes that the directions given to it related to the use of those funds is privileged.  Should the Receiver obtain a waiver from Southwick that Fulbright may release this privileged information, Fulbright will do so.  Pending authorization to release this privileged information, Fulbright may not give an accounting.

## DEMAND FOR JURY TRIAL

Fulbright hereby demands a trial by jury of all issues in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Fulbright prays for relief as follows:

1. For entry of judgment in its favor and against the Receiver on the complaint;

2. For costs and attorneys fees as allowed by law; and

3. For any further relief the court finds reasonable and just.

DATED this 15th day of May, 2009.

                                        **SNELL & WILMER L.L.P.**

                                       /s/ Stewart O. Peay
                                       Matthew L. Lalli
                                       Stewart O. Peay
                                        *Attorneys for Defendant*
                                        *Fulbright & Jaworski, LLP*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of May, 2009, I caused to be mailed a true and correct copy of **ANSWER** to the following, via first-class mail, postage prepaid:

Sally B. McMinimee
James A. Boevers
Jared N. Parrish
Prince, Yeates & Geldzahler
175 East 400 South, Suite 900
Salt Lake City, Utah 84111

/s/ _____