# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| ROBERT G. WING, as Receiver for VESCOR CAPITAL CORP., | MEMORANDUM DECISION AND ORDER |
| **Plaintiff,** | |
| v. | |
| FULBRIGHT & JAWORSKI LLP, a Texas limited liability partnership; and PAUL, HASTINGS, JANOFSKY & WALKER LLP, a California limited liability partnership, | Case No. 2:09cv200 |
| | |
| **Defendants.** | District Judge Dee Benson |
| | Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dee

Benson pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is (1) Robert G. Wing's, as

Receiver for VesCor Capital Corp. ("VesCor") (collectively, "Receiver"), motion to compel

Fulbright & Jaworski, LLP ("Fulbright") to respond to the Receiver's discovery requests;[2] and

(2) Fulbright's motion to compel codefendant Paul, Hastings, Janofsky & Walker, LLP ("Paul

Hastings") to produce certain documents.[3] The court has carefully reviewed the motions and

memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District

---

[1] *See* docket no. 26.

[2] *See* docket no. 24.

[3] *See* docket no. 34.

Court for the District of Utah Rules of Practice, the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

## BACKGROUND

Fulbright represented Val E. Southwick in connection with a government investigation into Mr. Southwick and his business operations. Kenneth Breen, who at that time was a partner at Fulbright, led the representation of Mr. Southwick on behalf of Fulbright. As part of the representation, Mr. Breen compiled documents relating to the source of funds used to pay Fulbright's legal retainer ("Fund Source Documents"). Several months after Fulbright began representing Mr. Southwick, Mr. Breen left Fulbright and joined Paul Hastings. Mr. Breen took the Southwick matter, including the Fund Source Documents, with him to Paul Hastings.

The Receiver has brought a fraudulent transfer action against Fulbright and Paul Hastings seeking to avoid the payment of the retainer Mr. Southwick paid to Fulbright, a portion of which was transferred to Paul Hastings. The Receiver seeks an order compelling Fulbright to respond to discovery requests regarding the amounts received from Mr. Southwick and VesCor and their distribution. Fulbright seeks an order compelling Paul Hastings to produce the Fund Source Documents that Mr. Breen took with him when he left Fulbright and joined Paul Hastings. The court will address each motion in turn.

**DISCUSSION**

**A. The Receiver's Motion to Compel Directed to Fulbright**

On November 12, 2009, the Receiver served Fulbright with the Receiver's First Set of

Interrogatories and Requests for Production of Documents, which included one interrogatory and

one request for production.  The Receiver's interrogatory and request for production of

documents are as follows:

> **INTERROGATORY NO. 1**:  Provide a detailed accounting of any and all funds
> or other assets you received directly or indirectly from [Mr.] Southwick or VesCor
> (including the Val Edmund Southwick Family Trust), and your disposition of
> those funds or assets including but not limited to all disbursements of such funds
> from your trust account.
>
> **REQUEST NO. 1**:  Produce all documents evidencing any and all funds or other
> assets you received directly or indirectly from [Mr.] Southwick or VesCor
> (including the Val Edmund Southwick Family Trust) and your disposition of those
> funds or assets including but not limited to all disbursements of such funds from
> your trust account.[4]

The Receiver asserts that this type of information is not protected under either the

attorney-client or work-product privileges.  Fulbright, however, does not assert that accounting or

fee information is privileged; it merely concludes that the information is "confidential" under the

professional rules of conduct.  Specifically, Fulbright asserts that providing the requested

information would require it to violate the Utah Rules of Professional Conduct and the New

York Rules of Professional Conduct,[5] which both prohibit an attorney from disclosing

---

[4] Docket no. 25.

[5] While it is not entirely clear whether one or both sets of rules govern Fulbright's
representation of Mr. Southwick, it is irrelevant because the rules are substantially similar.

3

confidential information without the client's consent.  *See* Utah R. Prof. Conduct 1.6(a); N.Y. R.

Prof. Conduct 1.6(a).  Fulbright asserts that its requests of Mr. Southwick to waive any right to

confidentiality that he has with respect to Fulbright's representation of him have gone

unanswered.  Fulbright does not otherwise oppose the motion.

The court concludes that disclosing an accounting and disposition of money paid from

Mr. Southwick or VesCor to Fulbright does not violate the rules of professional conduct, the

attorney-client privilege, or the work-product privilege.  This type of information is relevant to

the Receiver's claims  *See* Fed. R. Civ. P. 26(b)(1).  Courts have routinely held that fee

arrangements and accounting information are not generally privileged.  *See In re Grand Jury*

*Subpoenas*, 906 F.2d 1485, 1492 (10th Cir. 1990) ("While payment of a fee to an attorney is

necessary to obtain legal advice, disclosure of the fee arrangement does not inhibit the normal

communications necessary for the attorney to act effectively in representing the client."); *see also*

*United States v. Amlani*, 169 F.3d 1189, 1194 (9th Cir. 1999) ("The attorney billing records

requested in the challenged subpoenas are not protected by the attorney-client privilege.").

Furthermore, the party seeking to assert a privilege has the burden of demonstrating its

applicability.  *See In re Grand Jury Proceedings*, 156 F.3d 1038, 1042 (10th Cir. 1998).  Because

Fulbright does not argue that the information is subject to a privilege, the court **GRANTS** the

Receiver's motion to compel.  Accordingly, within thirty (30) days of the date of this order,

Fulbright shall fully respond to the Receiver's Interrogatory and Request for Production of

Documents.

## B. Fulbright's Motion to Compel Directed to Paul Hastings

Fulbright seeks an order compelling Paul Hastings to allow Fulbright the opportunity to inspect and copy the Fund Source Documents. While Paul Hastings is required to maintain the confidentiality of its client file, Fulbright argues that it is within the confidential relationship, due to its former attorney-client relationship with Mr. Southwick.

In response, Paul Hastings contends that the plain reading of rule 1.6(a) of both the Utah and the New York Rules of Professional Conduct prohibit it from disclosing the Fund Source Documents to any party, including Fulbright. *See* Utah R. Prof. Conduct 1.6(a); N.Y. R. Prof. Conduct 1.6. The Utah rule provides that "[a] lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b)." Utah R. Prof. Conduct 1.6(a). The corresponding New York rule provides that "[a] lawyer shall not knowingly reveal confidential information . . . unless . . . the client gives informed consent." N.Y. R. Prof. Conduct 1.6(a)(1).

The court agrees with Fulbright's assessment of this issue. Lawyers are entitled to retain a copy of the files they compile on behalf of clients. "Upon termination of an attorney-client relationship, the client is entitled to possession of its original client file, but the attorney is permitted to retain copies at its own expense." *Spratley v. State Farm Mutual Auto. Ins. Co.*, 78 P. 3d 603, 611 (Utah 2003). Fulbright merely seeks the opportunity to inspect and copy the Fund Source Documents, which consist of a portion of Mr. Southwick's client file, and which were collected during Fulbright's representation of Mr. Southwick.

Furthermore, although rule 1.6 prevents lawyers from *revealing* confidential information to third parties, it does not prevent Paul Hastings from *returning* copies of the Fund Source Documents to Fulbright because they were originally in Fulbright's client file for Mr. Southwick. No confidential information would be *revealed* to Fulbright if the Fund Documents were *returned* to Fulbright. Furthermore, because the Fund Source Documents were compiled when Fulbright represented Mr. Southwick, this information was not related to or part of Paul Hastings's representation of Mr. Southwick.

Based on the foregoing, Fulbright's motion to compel is **GRANTED**. Paul Hastings is ordered to provide the requested information within thirty (30) days of the date of this order. To the extent that any additional materials were collected after Mr. Breen left Fulbright, those documents may be omitted.

**CONCLUSION**

In summary, **IT IS HEREBY ORDERED**:

(1) The Receiver's motion to compel[6] is **GRANTED**. Accordingly, within thirty (30) days of the date of this order, Fulbright shall fully respond to the Receiver's Interrogatory and Request for Production of Documents, and

(2) Fulbright's motion to compel[7] is **GRANTED**. Paul Hastings is ordered to provide the requested information within thirty (30) days of the date of this order. To the extent that any

---

[6] *See* docket no. 24.

[7] *See* docket no. 34.

additional materials were collected after Mr. Breen left Fulbright, those documents may be

omitted.

**IT IS SO ORDERED.**

DATED this 16th day of April, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge